THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**Jean Eddy, on Behalf of the**
**Estate of Paul Eddy,**

        **Plaintiff,**

**v.**                                      **CIVIL ACTION NO.:**  3:17-cv-02771
                                                         **(Formerly Civil Action No.: 17-C-175 in**
                                                         **Cabell County Circuit Court)**

**Canyon Sudar Partners LLC; SVCARE**
**Holdings LLC; Sava Senior Care LLC;**
**SSC Equity Holdings LLC; SMV Management**
**Company LLC; SMV Huntington, LLC;**
**Seventeenth Street Associates LLC;**
**Annica Stansberry; John Does 1 Through 10;**
**and Unidentified Entities 1 Through 10**
**(as to Huntington Health and Rehabilitation),**

        **Defendants.**

## NOTICE OF REMOVAL

    **PLEASE TAKE NOTICE** that Defendants, SVCARE Holdings, LLC; SavaSeniorCare,

LLC; SSC Equity Holdings, LLC; Seventeenth Street Associates LLC; and Annica Stansberry

("Defendants"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441,

and 1446, respectfully file this Notice of Removal to the United States District Court for the

Southern District of West Virginia.  As grounds for removal, Defendants offer the following:

    1.    Numerous Defendants were served with Plaintiff's Summons and Complaint on

April 5, 2017.  *See Summonses, Service of Process Documents, and Complaint*, collectively

attached hereto as Ex. A.  On May 3, 2017, Plaintiff formally moved for permission to file an

amended Complaint in order to "add claims of medical malpractice against the Defendants."  *See*

*Plaintiff's Motion to Amend Complaint and Add MPLA and Other Claims*, attached hereto as Ex. B.

2.     Thirty (30) days or less have elapsed between the service of Plaintiff's Summons and Complaint on various Defendants and the filing of this Notice of Removal.  Pursuant to  28 U.S.C. § 1446(b), "if defendants are served at different times, and a later-served defendant files a notice of removal, any earlier served defendant may consent to the removal even though that later-served defendant did not previously initiate . . . removal." Therefore, because all served Defendants now consent to removal, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).[1]

3.     Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."[2]  The original jurisdiction of this Court includes "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between. . . citizens of different States[.]" 28 U.S.C. §1332(a)(1).

4.     As set forth in detail below, removal is proper because this civil action involves citizens of different states and an amount in controversy that exceeds $75,000.00.  *See* 28 U.S.C. § 1332(a)(1).

---

[1] Thirty (30) days or less have passed since Plaintiff moved for permission to amend the Complaint and add substantive claims. Thus, less than thirty (30) days have passed since the service of the motion "from which it may first be ascertained that the case is one in which is or has become removable."  28 U.S.C. § 1446(b)(3).  Thus, the removal is timely for this reason as well.

[2] This Court is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because the alleged events giving rise to Plaintiff's claims occurred in Huntington, West Virginia.

I.     **This Action is Between Citizens of Different States**

5.     Based on information and belief, Plaintiff, Jean Eddy, the legal representative of the Estate of Paul Eddy, is a West Virginia resident.

6.     The citizenship of limited liability companies is determined by the residency and location of its members.  *See Gen. Tech. Applications, Inc. v. Exro LTDA.*, 388 F.3d 114 (4th Cir. 2004) (holding that a limited liability company is assigned the citizenship of its members for the purpose of determining diversity jurisdiction).  All Defendant limited liability companies in this case are diverse:

a.     Defendant Canyon Sudar Partners, LLC's members are citizens of New York and New Jersey.  Thus, it is a citizen of New York and New Jersey.[3]

b.     Defendant SVCARE Holdings, LLC was merged into SavaSeniorCare, LLC on October 11, 2013.  It no longer exists in any form other than SavaSeniorCare, LLC.

c.     Defendant SavaSeniorCare, LLC's sole member is Proto Equity Holdings, LLC.  Proto Equity Holdings, LLC's sole member is Terpax, Inc.  Terpax, Inc. is a Delaware corporation with a principal place of business in Tennessee.[4]  In turn, SavaSeniorCare, LLC is a citizen of Delaware and Tennessee.

d.     Defendant SSC Equity Holdings, LLC's sole member is Master Tenant Parent Holdco, LLC.  Master Tenant Parent Holdco, LLC's sole member is SavaSeniorCare, LLC.  SavaSeniorCare, LLC's sole member is Proto Equity Holdings, LLC.  Proto Equity Holdings, LLC's sole member is Terpax, Inc.  Terpax, Inc. is a Delaware corporation with a principal place of business in Tennessee.  As a result, SSC Equity Holdings, LLC is a citizen of Delaware and Tennessee.

e.     Seventeenth Street Associates LLC's sole member is SSC Huntington Operating Company LLC.  SSC Huntington Operating Company LLC's sole member is West Virginia Holdco, LLC.  West Virginia Holdco, LLC's sole member is SSC Equity Holdings MT LLC.  SSC Equity

---

[3] Prior to October 11, 2013, Canyon Sudar Partners, LLC was the sole member of SVCARE Holdings, LLC.  After October 11, 2013, Canyon Sudar Partners, LLC no longer had any interest or affiliation with SVCARE Holdings, LLC or any other Defendant.

[4] According to 28 U.S.C. § 1332(c)(1), a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."

Holdings MT LLC's sole member is Master Tenant Parent Holdco II, LLC.   Master Tenant Parent Holdco, LLC's sole member is SavaSeniorCare, LLC. SavaSeniorCare, LLC's sole member is Proto Equity Holdings, LLC.   Proto Equity Holdings, LLC's sole member is Terpax, Inc.  Terpax, Inc. is a Delaware corporation with a principal place of business in Tennessee.  Therefore, Seventeenth Street Associates LLC is a citizen of Delaware and Tennessee.[5]

7.     Defendant Annica Stansberry is the only individual named as a party in this case. She is a citizen of West Virginia.  However, Ms. Stansberry's citizenship is immaterial to the jurisdictional analysis under § 28 U.S.C 1332 because she was fraudulently joined in the state action and has no real interest in the suit.

8.     "The 'fraudulent joinder' doctrine permits removal when a non-diverse party is (or has been) a defendant in the case." *Mayes v. Rapoport*, 198 F.3d. 457, 461 (4th Cir. 1999). "Where a non-diverse defendant is named in the initial state court complaint as part of a tactical effort to defeat diversity jurisdiction, the fraudulent joinder doctrine permits District Courts to assume jurisdiction over a case even if they are named defendants who lacked diversity at the time the case is removed."  *Linnin v. Michielsens*, 372 F.Supp. 2d 811, 817 (E.D. Va. 2005) (citing *Mayes*, 198 F.3d at 461).   "To show fraudulent joinder, the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'"  *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)) (emphasis in original).

9.     In this instance, there is *no possibility* that Plaintiff can establish a viable cause of action against Ms. Stansberry, the only in-state Defendant, in state court.  Prior to March of

---

[5] Defendants SMV Management Company LLC and SMV Huntington, LLC have not been served with the Complaint.  However, both are Delaware limited liability companies with principal places of business in New York. Neither have members who reside in West Virginia.

2016, Ms. Stansberry was the administrator at Huntington Health and Rehabilitation Center, a medical facility in Huntington, West Virginia that is operated by Defendant Seventeenth Street Associates LLC. However, Ms. Stansberry left Huntington Health and Rehabilitation Center in March of 2016. *See Affidavit of Annica Stansberry*, attached hereto as Ex. C.

10. Plaintiff brought the case on behalf of the Estate of Paul Eddy ("Mr. Eddy"), a former patient at Huntington Health and Rehabilitation Center. According to the Complaint, Mr. Eddy resided at Huntington Health and Rehabilitation Center "from on or about December 11, 2016 through on or about January 10, 2017, and suffered personal injuries and damages while a resident there." *See* Ex. A, *Complaint*, at ¶ 2.

11. As set forth above, Ms. Stansberry left Huntington Health and Rehabilitation Center in March of 2016, more than eight (8) months before Mr. Eddy's subject residency. *See* Ex. C. As a result, Ms. Stansberry was not the administrator during Mr. Eddy's residency. *Id*. She never had any contact with him or his family. *Id*. She was never responsible for any medical care rendered to him. *Id*.

12. According to well-settled West Virginia law, "[t]he resolution of any question of tort liability must be premised upon fundamental concepts of the duty owed by the tortfeasor." *Aikens v. Debow*, 541 S.E.2d 576, 580 (W.Va. 2000). "No action for negligence will lie without a duty broken." Syl. Pt. 1, *Parsley v. General Motors Acceptance Corp.*, 280 S.E.2d 703 (W.Va. 1981); Syl. Pt. 4, *Jack v. Fritts*, 457 S.E.2d 431, 432 (W.Va. 1995). The determination of whether a plaintiff is owed a duty of care by a defendant is a matter of law that is determined by the Court. *Aikens*, 541 S.E.2d at 580 (citing *Jack*, 457 S.E.2d at 435).

13. Ms. Stansberry simply owed no legal duty to Mr. Eddy because she was not employed by Huntington Health and Rehabilitation Center during his subject residency. *See* Ex.

C.  She never cared for him, oversaw care provided to him, or had contact with his family.  *Id*. Without a duty broken, Plaintiff cannot maintain an action for negligence against Ms. Stansberry. Syl. Pt. 1, *Parsley*, 280 S.E.2d 703; Syl. Pt. 4, *Jack*, 457 S.E.2d 431.

14.     When the existence of a legal duty is at issue, the Court makes the determination as a matter of law.  *Aikens*, 541 S.E.2d at 580 (citing *Jack*, 457 S.E.2d at 435).  Ms. Stansberry's affidavit establishes that she owed no legal duty to Mr. Eddy.  She is entitled to a dismissal as a matter of law in the underlying state court action.  Consequently, "there is no possibility that the [Plaintiff can] . . . establish a cause of action against the [Ms. Stansberry] in state court." *Hartley*, 187 F.3d at 424.  Therefore, Ms. Stansberry's presence must be disregarded for the purposes of diversity pursuant to the doctrine of fraudulent joinder.  This action is between citizens of different states.

## II.     The Amount in Controversy Exceeds the Jurisdiction Minimum

15.     Plaintiff's Complaint does not include a prayer for a specific dollar amount.  *See* Ex. A, *Complaint*.  In fact, in its current form, the Complaint only requests declaratory relief.  *Id*. However, on May 3, 2017, Plaintiff moved for permission to amend her Complaint to "add claims of medical malpractice against the Defendants."  *See* Ex. B.

16.     When a specific amount of damages is not set forth in a Complaint, courts are supposed to analyze the allegations, the severity of alleged damages, and the totality of the circumstances of the case in order to determine whether or not the amount in controversy exceeds $75,000.00:

> Lacking an expressed statement of the amount claimed, a court looks to the totality of the circumstances, including the complaint, the type and extent of the plaintiff's injuries, the amounts awarded in similar cases, and losses incurred to date of removal.  Properly analyzed, a court is not to use this information to estimate the amount a jury would award the plaintiff assuming he prevails, but rather to estimate what a reasonable plaintiff would demand or claim.  If the court

6

> thinks that a reasonable plaintiff would claim more than $75,000, then the
> defendant has met its burden of proof.

*Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 968 (S.D. W. Va. 2011) (footnote omitted).

17.     According to the Complaint, "Paul Eddy suffered catastrophic injuries, disfigurement, extreme pain, suffering, and mental anguish." *See* Ex. A, *Complaint* at ¶ 29. The Complaint also alleges that Mr. Eddy lost his "personal dignity" and that he was subjected to "unnecessary hospitalizations." *Id.* at ¶ 30. Plaintiff now wishes to amend her Complaint to include substantive causes of action regarding medical malpractice and the alleged injuries. *See* Ex. B.

18.     While Defendants categorically deny that Plaintiff's claim has any merit, the allegations already contained in the Complaint, in conjunction with Plaintiff's intent to add substantive causes of action regarding medical malpractice, certainly establish that the amount in controversy exceeds $75,000.00 as required by 28 U.S.C. § 1332(a).[6] *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F3d 192, 200 (4th Cir. 2008) ("[J]ust as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that . . . '[t]he matter in controversy exceeds, exclusive of interest and costs, the sum specified in 28 U.S.C. § 1332,' so too does a removing party's notice of removal sufficiently establish jurisdictional grounds for removal by making jurisdictional allegations in the same manner." (internal citations omitted)).

### III.     Necessary Attachments and Conclusion

19.     Pursuant to L.R. Civ. P. 3.4(b), a copy of the Docket Sheet from Cabell County is attached as Ex. D.

---

[6] If Plaintiff wishes to stipulate that the alleged damages are capped at $75,000.00, Defendants will happily withdraw the Notice of Removal and return to state court.

20.     A copy of the Notice of Removal of Action to Federal Court filed in Cabell County is attached as Ex. E.

21.     A copy of the Civil Docket Cover Sheet is attached as Ex. F.

22.     Defendants will file a timely pleading in response to Plaintiff's Complaint pursuant to Rule 81 of the Federal Rules of Civil Procedure.

23.     Every served Defendant consents to removal.

24.     Removing Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, including, but not limited to, lack of personal jurisdiction in this forum and Plaintiff's failure to comply with the pre-suit notice requirements in West Virginia Code § 55-7B-6.

25.     Defendants' Notice of Removal complies with all provisions of 28 U.S.C. § 1446 governing the process for removal.  As explained above, the parties are diverse and the amount in controversy exceeds $75,000.00.  Therefore, removal of this civil action from state court to this Court is legally proper.  *See* 28 U.S.C. § 1441(a).

Wherefore, Defendant files this Notice to remove the action now pending in the Circuit Court of Cabell County, West Virginia, Civil Action No.: 17-C-175, to the United States District Court for the Southern District of West Virginia.

Respectfully submitted this 5th day of May, 2017.

> **SVCARE Holdings LLC; Sava Senior Care LLC; SSC Equity Holdings LLC; Seventeenth Street Associates LLC; and Annica Stansberry,**
>
> **By Counsel:**
>
> *s/John A. Hess*
> Anders W. Lindberg (WVSB # 8876)
> John A. Hess (WVSB # 10818)
> **STEPTOE & JOHNSON PLLC**

8

Chase Center
P.O. Box 2195
1000 Fifth Ave., Suite 250
Huntington, WV  25722-2195
Phone (304) 522-8290
Fax (304) 526-8089

**THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION**

**Jean Eddy, on Behalf of the
Estate of Paul Eddy,**

        **Plaintiff,**

**v.**                                        **CIVIL ACTION NO.:**  <u>3:17-cv-02771</u>
                                                     **(Formerly Civil Action No.: 17-C-175 in
Cabell County Circuit Court)**

**Canyon Sudar Partners LLC; SVCARE
Holdings LLC; Sava Senior Care LLC;
SSC Equity Holdings LLC; SMV Management
Company LLC; SMV Huntington, LLC;
Seventeenth Street Associates LLC;
Annica Stansberry; John Does 1 Through 10;
and Unidentified Entities 1 Through 10
(as to Huntington Health and Rehabilitation),**

        **Defendants.**

## <u>CERTIFICATE OF SERVICE</u>

        I, undersigned counsel, confirm that I served the foregoing Defendants' **NOTICE OF REMOVAL** by depositing a true copy of the same in the United States mail, postage prepaid on this **5**[th] day of May, 2017, upon the following counsel of record:

                        James B. McHugh
                        Michael J. Fuller, Jr.
                        D. Bryant Chaffin
                        MCHUGH FULLER LAW GROUP, PLLC
                        97 Elias Whiddon Rd
                        Hattiesburg, MS 39402

        I also filed the pleading with the Clerk of the Court using the CM/ECF system, which may send notification of such filing to Plaintiff's counsel if they are CM/ECF participants.

                        *s/John A. Hess*
                        Anders W. Lindberg (WVSB # 8876)
                        John A. Hess (WVSB # 10818)